UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TYRONE BOWERS, | ) | CASE NO. 4:13 CV 332 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | MEMORANDUM OF OPINION |
| WARDEN COAKLEY, | ) ) | AND ORDER |
| Respondent. | ) | |

INTRODUCTION

On February 14, 2013, Petitioner *pro se* Tyrone Bowers, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the Southern District of Florida of Possession of a Firearm Equipped with a Silencer During a Drug Trafficking Offense. The Petition also reflects that a 2009 Motion to Vacate under 28 U.S.C. § 2255 was denied by the trial court as procedurally barred. Petitioner now seeks to assert in this case that he should not have been deemed to be and sentenced as a career criminal, relying primarily on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (see Petitioner's "2nd Rule 15 Supplement," ECF Doc. #5), and *Brown v. Caraway*, No. 12–1439, 2013 WL 1920931 (7th Cir. May 10, 2013) (see Petitioner's "Supplement to Petition," ECF Doc. #4). For the reasons stated below, this action is

dismissed.

## STANDARD OF REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct.22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Jones v. Russell*, 396 F.2d 797 (6th Cir.1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir.1965). *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970), cert. denied 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). Petitioner has not met his burden.

## DISCUSSION

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas corpus proceeding brought under § 2241 is the proper mechanism for a prisoner to challenge the execution of his sentence or the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). However, when a federal prisoner seeks to challenge his conviction or the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *Cohen v. United States*,

593 F.2d 766, 770 (6th Cir.1979).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles*, 180 F.3d at 755–56. Section 2255 provides a safety valve wherein federal prisoners may bring a § 2241 claim challenging their conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See *Charles*, 180 F.3d at 756. The Sixth Circuit explained in *Charles* that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id*. at 756–58. Ultimately, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See id*. at 758.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal

-3-

statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150–151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

In the past, those prisoners who have obtained review of such claims under the savings clause did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. See *In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). In this case, Petitioner has, in fact, already filed an unsuccessful motion to vacate or set aside his sentence.

Moreover, Petitioner has not set forth a colorable actual innocence claim in relation to his challenge to the court's sentencing enhancements. His challenge does not involve a claim that the Supreme Court has redefined as "noncriminal" the conduct underlying his convictions. *See*, *e.g., Bailey*, *supra*. Indeed, Petitioner does not assert he is actually innocent of the offenses of which he was convicted, nor does he cite a retroactive Supreme Court decision that establishes his innocence. Instead, pursuant to *Alleyne*, he claims that his sentence of imprisonment was improperly enhanced.

In *Alleyne,* the defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration. At sentencing, however, over Alleyne's objection, the judge found that he had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute. The sentencing court determined that, under *Harris v. United States*, 536 U.S. 545(2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. The court of appeals affirmed, and Alleyne petitioned for a writ of certiorari, arguing that Harris could not be reconciled with the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any "facts that increase the

prescribed range of penalties to which a criminal defendant is exposed are elements of the crime[,]" which must be proved to a jury. *Alleyne*, 133 S.Ct. 2151, 2160 (internal quotation marks omitted).

The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S.Ct. 2151, 2162. In doing so, the Court overruled *Harris*, which limited *Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. *Id.* at 2162-63. Thus, the Court held that the district court erred when it imposed a seven-year mandatory minimum sentence on Alleyne, because the jury had not found the fact - brandishing - supporting the mandatory minimum beyond a reasonable doubt. Here, Petitioner apparently asserts the career criminal sentencing enhancement applied by the sentencing court was unlawful because the facts underlying the enhancement were not proven as required by *Alleyne*.

Contrary to Petitioner's suggestion, however, *Alleyne* does not support his claim because that decision is not an intervening change in the law that decriminalized the acts that form the basis of his conviction. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman*, 325 F.3d at 724 (holding *Apprendi* could not be basis for actual innocence claim) (citing *Peterman*, 249 F.3d at 462). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Roberts v. Snyder*, 77 F. App'x 292, 294 (6th Cir.2003) (citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.2002), *cert denied*, 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). If *Alleyne* were made retroactively available, Petitioner may be able to raise his claim in a § 2255 proceeding.[1]

---

[1] This Court offers no opinion as to the retroactive availability of *Alleyne*. Further,
(continued...)

Similarly, Petitioner's reliance on *Brown v. Caraway,* No. 12–1439, 2013 WL 1920931 (7th Cir. May 10, 2013) is also misplaced. In *Caraway,* the Seventh Circuit permitted § 2241 to be used to challenge pre-*Booker* era sentencing enhancement errors based on the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008). Unlike the petitioner in *Caraway,* however, Petitioner does not cite a new, retroactive Supreme Court case establishing his innocence of the sentence enhancement imposed in his case. Moreover, even if he had, the opinion of the Seventh Circuit Court of Appeals is not binding precedent on this Court. The Sixth Circuit has never extended the savings clause to § 2241 petitioners who raise challenges to sentencing enhancements. *See e.g., Contreras v. Holland,* 487 F. App'x 287, 288 (2012) (challenge to sentencing enhancement under §§ 841 and 846 not cognizable under § 2241) (citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998)); *Anderson v. Hogsten,* 487 F. App'x 283, 284 (6th Cir.2012) (same); *Brown v. Hogsten,* 503 F. App'x 342, 343 (6th Cir.2012) ("[C]laims of sentencing error may not serve as the basis for actual innocence claim.") (citing *Peterman,* 249 F.3d at 462); *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"). *See also, Drumwright v. United States,* No. 4:12cv1428, 2012 WL 5205802 (N.D.Ohio Oct.22, 2012) (holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *Landt v. Farley,* No. 4:12CV0740, 2012 WL 4473209 (N.D.Ohio Sept.26, 2012) (same); *Baldwin v. United States,* 412 F.Supp.2d 712 (N.D.Ohio 2005). Consequently, Petitioner's § 2241 claim concerning his enhanced sentence is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

---

[1](...continued)
issues regarding whether or not Petitioner may be able to overcome procedural bars to filing a second or successive § 2255 petition are not properly addressed to this Court. The Court only holds here that Petitioner's claim is not cognizable under § 2241 via the savings clause of § 2255.

CONCLUSION

For the reasons set forth above, Petitioner's Motion to Proceed In Forma Pauperis (ECF Doc. #2) is granted, the Petition for Writ of Habeas Corpus is denied, and this case is DISMISSED pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: August 13, 2013